UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>RYAN JAMES WHEELER<br><br>    Defendant. | Case No. 2:18-cr-00362-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Ryan Wheeler's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 115. The Government filed an Opposition to Wheeler's Motion (Dkt. 119) to which Wheeler filed two separate Replies (Dkts. 122, 125). The matter is now ripe for the Court's consideration.

Having reviewed the record and briefs, the Court finds the facts and legal arguments adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

Beginning on or around July of 2018, and continuing until September of 2018,

Wheeler, along with his cohorts, distributed methamphetamine. Dkts. 1, at 1; 81, at 2. On August 27, 2018, Wheeler provided a co-defendant with methamphetamine, who in turn sold that methamphetamine to a confidential informant. Dkt. 81, at 2. Subsequently, the confidential informant, along with the co-defendant, set up a sting operation which led to the arrest of Wheeler.

On November 20, 2018, Wheeler was indicted for distribution of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A). Dkt. 1. On June 18, 2019, Wheeler entered into a Rule 11 plea agreement. He entered a guilty plea the same day. Dkts. 82–83. The Court sentenced Wheeler to 84 months in prison with a supervised release term of five years to follow. Dkt. 110. Wheeler is currently incarcerated at the federal correctional institution in Sheridan Oregon ("FCI Sheridan") and is set to be released on January 7, 2024. FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Nov. 22, 2022).

On April 20, 2022, Wheeler filed a motion for compassionate release pursuant to 18 U.S.C. § 3582 with the Warden at FCI Sheridan. Dkt. 115–2, at 2. After never receiving a response, Wheeler filed the instant action on May 12, 2022. *See* Dkt. 115. Notably, Wheeler did not wait the required 30 days from the time he submitted his request with the Warden before filing the instant action. *See* 18 U.S.C. 3582(c)(1)(A). It was not until June 8, 2022, that the Warden reviewed Wheeler's request and denied it. Dkt. 122–2, at 5.

### III. LEGAL STANDARD

Wheeler seeks compassionate release under the First Step Act ("FSA"), amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain

MEMORANDUM DECISION AND ORDER - 2

circumstances.[1] In order to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[2] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

### IV. DISCUSSION

**A. Exhaustion of Administrative Remedies**

The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). In addition, "[e]xhaustion occurs when the BOP

---

[1] "Prior to the passage of the FSA, only the Director of the Bureau of Prisons . . . could file a motion for compassionate release, and that very rarely happened." *United States v. Shields*, 2019 WL 2359231, at *1 (N.D. Cal. June 4, 2019) (quoting *United States v. Gutierrez*, 2019 WL 1472320, at *1 (D.N.M. Apr. 3, 2019). The FSA amended 18 U.S.C. § 3582(c)(1)(A) to permit modification of a term of imprisonment upon motion of the Director of the BOP or upon motion of the defendant after the defendant has exhausted his/her administrative rights. FSA, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

[2] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

MEMORANDUM DECISION AND ORDER - 3

denies a defendant's [motion for compassionate release]." *United States v. Mondaca*, No. 89-cr-0655 DMS, 2020 WL 1029024, at *2 (S.D. Cal. March 3, 2020).

Wheeler submitted a request for compassionate release with the Warden at FCI Sheridan on April 20, 2022. Dkt. 115–2, at 2. When Wheeler filed the instant action, he had not yet heard back from the Warden nor had 30 days elapsed. The Government contends that Wheeler has, therefore, not exhausted all of his administrative remedies. However, Wheeler later provided a letter from the Warden which denied Wheeler's request for compassionate release. Dkt. 122–2, at 5. Given this, the Court finds that Wheeler has exhausted his administrative remedies—albeit somewhat out of order.

### B. Extraordinary and Compelling Reasons

Having determined that Wheeler has exhausted his administrative remedies, the Court must next consider whether "extraordinary and compelling reasons" warrant a permanent reduction in his sentence, and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Wheeler bears the burden of establishing that compelling and extraordinary reasons exist to justify compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. Apr. 6, 2020).

Before passage of the FSA, the Sentencing Commission limited "extraordinary and compelling reasons" to four scenarios: (A) medical conditions of the defendant; (B) age of the defendant; (C) certain family circumstances; and (D) as determined by the Director of the BOP, other extraordinary and compelling reasons that exist either separately or in

combination with the previously described categories. U.S.S.G. § 1B1.13 Application Note 1.

However, the Sentencing Commission "never harmonized its policy statements with the FSA." *Rodriguez*, 424 F. Supp. 3d at 680 (quoting *United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019)). "Rather, the outdated policy statements still assume compassionate release 'may be granted only upon motion by the Director of the Bureau of Prisons.'" *Brown*, 411 F. Supp. 3d at 449 (quoting U.S.S.G. § 1B1.13 Application Note 1). This assumption is no longer consistent with the law under the FSA, which allows defendants to seek relief directly from the court. As such, the question of whether district courts are strictly bound by the Sentencing Commission's statements in U.S.S.G. § 1B1.13 when considering prisoners' motions for compassionate release—as they are when considering motions by the Director of the BOP—was momentarily left open. The Ninth Circuit has recently answered that question in the negative. *See United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021) (holding that "the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant."). Therefore, the guidelines in U.S.S.G. § 1B1.13 "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Id.*

Wheeler makes several contentions he claims warrant early release—some of which fall under the four scenarios listed by the Sentencing Commission and some which do not. First, he notes that he has managed his time well while in prison. He's held a job, volunteered as a Suicide Companion, and completed several prison programs. The Court is pleased to hear these reports. However, this fact alone is neither extraordinary nor

MEMORANDUM DECISION AND ORDER - 5

compelling. Inmates regularly complete various prison programs throughout their tenure. In fact, the Court expects inmates to do so. To grant Wheeler's Motion on this basis would no doubt open doors that Congress never intended.

Second, Wheeler argues that he will be unable to participate in the Residual Drug Abuse Program ("RDAP") because of how backed up the program is. As a result, he would not be eligible for the one year reduction in sentence. *See* 18 U.S.C. 3621 (e)(2)(B). This, he contends, warrants an extraordinary and compelling reason to grant his compassionate release motion. Dkt. 115, at ¶ 3. While this fact is unfortunate, especially considering that Wheeler does seem genuinely interested in participating in RDAP, this does not rise to the level of extraordinary and compelling. *See United States v. Moore*, 2021 WL 2417722, at *3 (D. Idaho June 11, 2021) (denying Motion for Compassionate release on similar grounds).

Third, Wheeler contends that Covid-19, coupled with his anxiety disorder, should constitute an extraordinary and compelling reason. Dkt. 115, at ¶ 4–6. He notes that during the past two years, he has experienced fear and panic—and that this "should be assessed as part of the extraordinary and compelling circumstances." *Id.* at ¶ 4. The Court does not find that the Covid-19 pandemic warrants compassionate release. While there is no doubt that Wheeler has been negatively affected by the pandemic, such is the case for every individual, including those outside of prison settings. Moreover, courts routinely find that the effects of Covid-19 are not an extraordinary and compelling reason to justify early release. *See United States v. Kleint*, 2022 WL 1991323, at *3 (D. Idaho June 6, 2022)

(collecting cases where courts denied compassionate release motions based upon generalized concerns of Covid-19).

Finally, the Government contends that the 18 U.S.C. § 3553(a) factors weigh against Wheeler's release.[3] The Government argues that Wheeler's lengthy criminal history and the fact that he was on probation and had three pending charges when he committed the offense for which he is now imprisoned should concern the Court. Dkt. 119, at 6; *See also* Dkt. 105, at 13. While certainly persuasive, the Court need not determine if the Government's argument alone would have been sufficient to deny the present motion given the lack of extraordinary and compelling reasons.

In sum, the Court finds that Wheeler has exhausted his administrative remedies. However, he has failed to demonstrate any "extraordinary and compelling reason" for his release. Therefore, the Court cannot depart from its prior sentence and release Wheeler at this time. Accordingly, the Court must DENY Wheeler's motion.

---

[3] Factors To Be Considered in Imposing a Sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—[. . .]

    (2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a).

## V. ORDER

The Court HEREBY ORDERS:

1. Wheeler's Motion for Compassionate Release (Dkt. 115; 122) is DENIED.

DATED: December 15, 2022

David C. Nye
Chief U.S. District Court Judge